**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BRANDON D. HARRIS,** | ) | |
| **No. k97763,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-cv-00144-NJR** |
| | ) | |
| **VIPEN SHAH,** | ) | |
| **WEXFORD MEDICAL SOURCES,** | ) | |
| **CNATINA FOOD SERVICES,** | ) | |
| **SUZANN BAILEY,** | ) | |
| **DIRECTOR OF IDOC, and** | ) | |
| **WARDEN LASHBROOK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Brandon D. Harris is an inmate currently housed in Pinckneyville Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to the soy diet served at Pinckneyville and the resulting adverse side effects, which have not been treated.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line

between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the

*pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577

F.3d 816, 821 (7th Cir. 2009).

<u>**The Complaint**</u>

According to the complaint, a primarily soy-based diet is served at Pinckneyville

Correctional Center. Plaintiff contends that soy has caused him to experience fatigue,

constipation (along with rectal bleeding), stomach pain, diarrhea, and extreme gas, which in turn

has caused physical altercations between Plaintiff and other inmates. It is noted that female

inmates successfully sued to eliminate soy from their diet plan, but male inmates are still served

a soy diet, despite the known health risks.

According to Plaintiff, Defendants Dr. Shah, Wexford Medical Sources, Cantina Food

Services, Food Administrator Suzann Bailey, the Director of the Illinois Department of

Corrections, and Warden Lashbrook were all aware of the adverse medical consequences and

conspired to implement the soy diet plan, thereby subjecting Plaintiff to deliberate indifference in

violation of the Eighth and Fourteenth Amendments.

More specifically, it is alleged that Cantina Food Services serves a soy-based diet at the

prison in order to save millions of dollars. In turn, Wexford Health Sources and its contract

physician, Dr. Shah, have a policy of not acknowledging and treating the medical implications of

such a diet and not responding to related complaints. Dr. Shah purportedly does not even

document soy related illnesses within the prison, and he advises inmates like Plaintiff to just

drink more water or buy more food from the commissary. When Plaintiff told Warden Lashbook that his severe gas had caused several physical altercations, she advised him to "learn to duck." Plaintiff also wrote to "the IDOC," but did not receive an answer. Plaintiff seeks compensatory and punitive damages.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:   Defendants, individually and in conspiracy, have endangered Plaintiff's health by serving him a soy-based diet, in violation of the Eighth Amendment; and**

> **Count 2:   Dr. Shah was deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment.**

Plaintiff's reference to the Fourteenth Amendment is construed not as a stand-alone due process claim, but rather as merely an acknowledgement that the Eighth Amendment is applicable to the states via the Fourteenth Amendment. Any intended due process claim should be considered dismissed without prejudice under the *Twombly* pleading standard.

<u>Discussion</u>

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). A prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and

disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Prison officials can also violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Even those not directly involved in providing medical care— "non-medical defendants"—can be liable. *See Perez v Fenoglio*, 792 F.3d 768, 781-782 (7th Cir. 2015).

The allegations underlying Counts 1 and 2 regarding the soy-based diet and failure to alter the diet or offer Plaintiff medical care for the side effects fall within the ambit of the Eighth Amendment, but that does not end the analysis.

### *Conspiracy*

From Plaintiff's perspective, all defendants have participated in a conspiracy. Claims of conspiracy necessarily require a certain amount of factual underpinning to survive preliminary review. *See Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dep't*., 636 F.3d 293, 304–05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an

understanding to achieve the conspiracy's objectives." *Id.* at 305 (quoting *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir.1999)).

Plaintiff's complaint offers nothing more than an assertion that there was a conspiracy. There is no factual basis for or suggestion of a "meeting of the minds." Therefore, the overarching conspiracy claim in Count 1 will be dismissed without prejudice.

### The Director of the IDOC

The Director of the Illinois Department of Corrections is named as a defendant. It is assumed that the Director is sued in his official capacity only. For the reasons that follow, dismissal of this defendant is warranted.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Allegations that senior officials were personally responsible for creating the policies, practices, and customs that caused a constitutional deprivation can suffice to demonstrate personal involvement for purposes of Section 1983 liability. *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002). However, the *respondeat superior* doctrine—supervisory liability—does not apply to actions filed under 42 U.S.C. § 1983. *See,* e.g., *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

Under the *Twombly* pleading standard, the complaint does not sufficiently allege that the Director was individually involved in formulating, implementing or allowing the soy-based diet plan. An official capacity claim against the Director also fails. The Eleventh Amendment bars suits against an un-consenting state—including its agencies and officers in their official capacities—for monetary damages. *See Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974);

*Indiana Protection and Advocacy Servs. v. Indiana Family and Social Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010). Only monetary damages are sought, not injunctive relief. The Director of the IDOC, therefore, must be dismissed. Dismissal shall be without prejudice.

### Suzann Bailey

Food Administrator Suzann Bailey is named as a defendant, but she is not otherwise mentioned in the narrative of the complaint. As already noted, Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper*, 430 F.3d at 810. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Consequently, Suzann Bailey will be dismissed without prejudice.

### Warden Lashbrook, Dr. Shah, Wexford, and Cantina

The complaint sufficiently lays a basis for claims against Warden Lashbrook, Dr. Vipin Shah, Wexford Medical Sources, and Cantina Food Services with respect to Count 1. It is alleged that Wexford and Cantina both had policies and practices regarding the soy-based diet. Dr. Shah's involvement in Wexford's and/or Cantina's policies and practices, and/or his ability to alter the diet served to Plaintiff remains to be seen, but given the logical involvement of a prison physician and the prison's dietary plan, Dr. Shah cannot be dismissed from Count 1 at this early juncture. Although the claim against Warden Lashbrook is weakly pleaded, Lashbrook was, at a minimum, advised by Plaintiff of the problems with the soy diet, but she did nothing but brush aside his complaints.

Relative to Count 2, the medical care claim, the complaint sufficiently states a claim regarding Dr. Shah's alleged failure to alter the diet Plaintiff was served, or otherwise treat the medical side effects. Count 2, therefore, shall proceed against Dr. Shah.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, all conspiracy claims are **DISMISSED without prejudice**; and Defendants **SUZANN BAILEY and DIRECTOR OF THE IDOC** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 1** shall otherwise **PROCEED** against Defendants **VIPEN SHAH, WEXFORD MEDICAL SOURCES, CANTINA FOOD SERVICES, and WARDEN LASHBROOK**.

The Clerk of Court shall prepare for Defendants **VIPEN SHAH, WEXFORD MEDICAL SOURCES, CANTINA FOOD SERVICES, and WARDEN LASHBROOK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  Consequently, Plaintiff's motion for service of process at government expense (Doc. 3) is **DENIED as moot**.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for

leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 14, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**