IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON D. HARRIS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 16-CV-144-NJR-DGW |
| VIPIN SHAH, WEXFORD HEALTH SOURCES, INC., CANTINA FOOD SERVICES, and JACQUELINE LASHBROOK, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Currently pending before the Court are the motions for summary judgment on the issue of exhaustion filed by Defendants Vipin Shah and Wexford Health Sources, Inc. (Doc. 27) and Jacqueline Lashbrook (Doc. 30). The Court has determined there are no material facts in dispute and therefore the motion can be resolved without a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). For the reasons set forth below, the motions are granted.

## BACKGROUND

Plaintiff Brandon D. Harris filed suit pursuant to 42 U.S.C. § 1983 on February 8, 2016, alleging that his constitutional rights were violated by the soy diet that was served at the Pinckneyville Correctional Center, where he is currently housed (Doc. 1). Plaintiff claimed that because of the soy diet he has suffered from gastrointestinal difficulties (gas, stomach pains, diarrhea) for the previous two-and-a-half years (Doc. 1). Following

a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on two counts:

> Count 1: Defendants Vipin Shah, Wexford Health Sources, Inc., Cantina Food Services, and Jacqueline Lashbrook have endangered Plaintiff's health by serving him a soy-based diet, in violation of the Eighth Amendment; and
>
> Count 2: Defendant Vipin Shah was deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment.

(Doc. 7).

Defendants Vipin Shah and Wexford filed their motion for summary judgment on the issue of exhaustion on August 4, 2016 (Doc. 27), and Defendant Lashbrook filed hers one day later (Doc. 30). Plaintiff's deadline for responding to the two motions was September 9, 2016 (*see* Docs. 27, 30). He received two notices informing him of the consequences of failing to respond to the motions (Docs. 29, 32). Despite the notices, Plaintiff did not file a response to either motion.

## LEGAL STANDARDS

### A. Summary Judgment

The standard applied to summary judgment motions under Federal Rule of Civil Procedure 56 is well-settled and has been succinctly stated as follows:

> Summary judgment is appropriate where the admissible evidence shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. A "material fact" is one identified by the substantive law as affecting the outcome of the suit. A "genuine issue" exists with respect to any such material fact . . . when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." On the other hand, where the factual record taken as a whole could *not* lead a rational trier of fact to find for the non-moving party, there is nothing for a jury to do. In determining whether a genuine issue of material fact exists, we view the record in the light most favorable

to the nonmoving party.

*Bunn v. Khoury Enterprises, Inc.*, 753 F.3d 676, 681 (7th Cir. 2014) (citations omitted).

**B. Exhaustion**

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies through the prison's grievance process before filing a civil rights suit pertaining to prison conditions. 42 U.S.C. § 1997e(a); *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016). The purpose of the exhaustion requirement is to "alert prison officials to perceived problems and to enable them to take corrective action without first incurring the hassle and expense of litigation." *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005). *See also Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (quoting *Jones v. Bock*, 549 U.S. 199, 219 (2007)). "The exhaustion requirement is interpreted strictly; thus, a 'prisoner must comply with the specific procedures and deadlines established by the prison's policy.'" *Pyles*, 829 F.3d at 864 (quoting *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015)).

### DISCUSSION

In the Southern District of Illinois, a party's failure to respond to a summary judgment motion "may, in the Court's discretion, be considered an admission of the merits of the motion." SDIL–LR 7.1(c). *See also Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission.") The Court exercises its discretion under Local Rule 7.1(c) and considers Plaintiff's failure to respond to Defendants' motions for summary judgment an admission on the merits of the motions. That is, Plaintiff admits he failed to exhaust his administrative remedies as to Defendants Shah,

Wexford, and Lashbrook.

Based on the grievance records from Pinckneyville and the ARB and the counseling records from Pinckneyville, the undisputed evidence shows there is no record that Plaintiff submitted a grievance related to the soy-diet (or related health effects) or otherwise complained to his counselor about the soy-diet (Docs. 28-1, 28-2). While Plaintiff discussed his grievance filing activities in his Complaint, those allegations are not competent evidence to withstand a motion for summary judgment. *Brown v. Advocate South Suburban Hosp.*, 700 F.3d 1101, 1105 (7th Cir. 2012) ("Mere allegations in a complaint, however, are not evidence and do not establish a triable issue of fact") (quotation marks and citation omitted). Consequently, there is no evidence that Plaintiff exhausted his administrative remedies as required by the PLRA.

Finally, with respect to Cantina Food Services, the only remaining Defendant, the Complaint did not list an address for service of process. The Clerk of Court has been unable to determine a correct address for this entity. Consequently, Plaintiff must promptly provide an address to the Clerk of Court for service of process, or Cantina Food Services will be dismissed from this action.

## CONCLUSION

For the reasons set forth above, the motions for summary judgment on the issue of exhaustion filed by Defendants Vipin Shah and Wexford Health Sources, Inc. (Doc. 27) and Jacqueline Lashbrook (Doc. 30) are **GRANTED**. Defendants Vipin Shah, Wexford Health Sources, Inc., and Jacqueline Lashbrook are **DISMISSED without prejudice**.

The only claim that remains in this suit is Count 1 against Cantina Food Services. Plaintiff is **ORDERED** to provide an address to the Clerk of Court for service of process on Cantina Food Services on or before **January 17, 2017**. Plaintiff is **WARNED** that the failure to do so by the deadline shall result in dismissal of Cantina Food Services.

**IT IS SO ORDERED.**

DATED:   December 30, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**